NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIRGA BAHADUR GHARTI, | No. 15-73290 |
| Petitioner, | Agency No. A205-408-873 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,
District Judge.***

In removal proceedings, Petitioner Dirga Gharti sought asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT") based

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

on his claimed fear of persecution and torture. The immigration judge ("IJ") denied all three forms of relief primarily based on a finding that Gharti had not testified credibly. The Board of Immigration Appeals ("BIA") affirmed the IJ's adverse credibility determination and denial of relief. Gharti now petitions for review. We deny the petition.

**1.** "Under the REAL ID Act," which applies to Gharti's application, "there is no presumption that an applicant for relief is credible." *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). The IJ's credibility determination is based on the "totality of the circumstances, and all relevant factors," including the applicant's "candor, or responsiveness," the "consistency between the applicant's . . . written and oral statements," and "the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). "[A]ny inaccuracies, omissions of detail, or inconsistencies found by the IJ, regardless of whether they go to the 'heart' of a petitioner's claim, may support an adverse credibility finding." *Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010).

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). "Because credibility determinations are findings of fact by the IJ, they 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Rizk*

2

*v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The IJ's adverse credibility determination in this case was based on several key points of vagueness or inconsistency in Gharti's testimony on cross-examination during his merits hearing. Gharti claimed that he actively supported an anti-Maoist political party in Nepal and was threatened, robbed, and forced to work in a labor camp by Maoists because of his political opinion and activities. But the IJ provided a "legitimate articulable basis to question [Gharti's] credibility," *id.* at 1088 (quoting *Hartooni v. I.N.S.*, 21 F.3d 336, 342 (9th Cir. 1994)), finding that his testimony on cross examination was confused and internally inconsistent, including with respect to the activities he engaged in for his own political party, the protests that the Maoists allegedly compelled him to join, and his alleged forced trips to a Maoist labor camp. Gharti was provided ample opportunity to explain these inconsistencies and was unable to do so. *See id.* (requiring that the IJ provide such an opportunity). Substantial evidence therefore supports the agency's adverse credibility determination.

**2.** To be eligible for asylum, Gharti must demonstrate that he has a well-founded fear of persecution on account of one or more protected grounds. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A). "Because [Gharti] failed to present candid, credible and sincere testimony demonstrating a genuine fear of persecution, he failed to satisfy the subjective component of the well-founded fear standard."

3

*Mejia-Paiz v. I.N.S.*, 111 F.3d 720, 724 (9th Cir. 1997) (quoting *Berroteran-Melendez v. I.N.S.*, 955 F.2d 1251, 1257-58 (9th Cir. 1992)). Gharti's additional evidence is insufficient to meet his burden to show a well-founded fear of future persecution in light of the adverse credibility determination. The agency's denial of asylum relief was therefore supported by substantial evidence.

**3.** To establish his eligibility for withholding of removal, Gharti "must show a 'clear probability' of the threat to life or freedom if deported to" Nepal. *Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014) (quoting *Tamang*, 598 F.3d at 1091). Because the standard for withholding of removal is more stringent than the well-founded fear standard for asylum, the agency's denial of Gharti's withholding claim is supported by substantial evidence as well. *See id.*

**4.** To receive CAT protection, Gharti must prove that it is "more likely than not" that he would be tortured if removed to Nepal. 8 C.F.R. § 1208.16(c)(2). "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). But to reverse the BIA's decision denying CAT relief, we would need to conclude that the objective evidence "alone compelled the conclusion that [Gharti] is more likely than not to be tortured" if he returns to Nepal. *Id.* at 1048-49 (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006)).

Without the support of the testimony and evidence subject to the IJ's adverse

4

credibility determination, all that remains is Gharti's country conditions evidence. But the 2013 State Department Human Rights Report for Nepal suggests reduced Maoist violence. Although it describes some continued violence and tolerance of past human rights abuses, Gharti's objective country conditions evidence does not compel the conclusion that he is more likely than not to be tortured if he returns to Nepal. *See id.*

**PETITION DENIED.**